# **EXHIBIT F**

Case: 1:11-cv-07050 Document #: 1-6 Filed: 10/06/11 Page 2 of 3 PageID #:67



**SHIELD TECHNOLOGIES CORPORATION**

Tel: 312-327-3178
Fax: 312-327-3174
www.envelopcovers.com

*Raymond Drymalski*
*Corporate Secretary*
*312.807.4342*

**By Messenger and Email**                                    August 22, 2011

Mr. William "Mike" Weible
Manager
Shield Acquisition Group LLC
13769 Main Street
Lemont, IL 60430

<div style="text-align:center"><u>Conversion of Shield Technologies Corporation ("Shield") Notes;
Shield Acquisition Group LLC ("SAG")</u></div>

Dear Mr. Weible:

As Corporate Secretary, I am addressing your August 8 Notice of Conversion ("Notice") to Thomas F. Sax.

First, the September 7 Board meeting will be delayed because I understand all parties believe a face to face meeting is required and some Board members will be out of town on that date. Management is planning a Board meeting the end of October and will send a notice of the meeting soon. An agenda will be prepared and sent with the Board book about 5-7 business days prior to the October meeting. All Board members should plan on attending in person or by conference call for the entire meeting.

As to the Notice, your Notice requires a number of comments regarding procedure:

1.  <u>Required SAG Action to Convert the Notes.</u>

    The SAG limited liability company agreement (June 2010) requires the consent of holders of not less than two-thirds of the Member units (a) in disposing of SAG's investment in shares or notes, (b) in entering into agreements for the sale or disposition of all or any portion of SAG property (the decision for such a sale or disposition being the sole determination of the Managers(s)), or (c) for the election of representatives to Shield's Board of Directors. (Section 5.2(a), Section 5.2(j), and Section 7.6)

CORPORATE
181 WEST MADISON STREET
SUIT 4700
CHICAGO, IL 60602

OPERATIONS
895 BLUE GENTIEN ROAD
SUITE 1
EAGAN, MN 55121

Unfortunately, the August 8 Notice from one Manager to T. Sax and the Written Consent signed by the two Managers indicate that the two Managers alone took the action to convert the Notes.

As Shield Corporate Secretary I ask the SAG Managers, Messrs. Weible and Sniegowski, for copies of: (a) SAG disclosure documents to SAG Members (to allow SAG Members to make an informed decision about giving up 10.5% interest and a second lien on all of Shield property for common stock and its related risks) regarding the Note conversions and (b) signed consents by two-thirds of SAG Members of the (a) conversions and (b) selection of Board members. The SAG Managers have a fiduciary duty to give SAG Members written information to allow Members to make an informed decision about conversion.

Also, do the Managers have a legal opinion from a major law firm that federal and state securities laws have been complied with?

SAG must also comply with the Stockholders Agreement dated November 17, 2004 as amended. Under Section 7 stockholders are obligated to elect designees to the board of directors and to remove directors at the request of the stockholders.

2. <u>Fiduciary Duties of Board Members</u>

Please clarify the request in the August 8 Notice to T. Sax that the Board "take no substantive action regarding the business or operations of Shield Technologies Corporation prior to a stockholders meeting".

I look forward to your reply and seeing you at the October Board meeting.

Please send a copy of your reply to:

Raymond Drymalski
Corporate Secretary
Shield Technologies Corporation
70 W. Madison Street
Suite 3100
Chicago, IL 60602

_____
Raymond Drymalski
Corporate Secretary

cc: Mark Sniegowski
    Samuel Wm. Sax
    Thomas F. Sax
    Bob Ward
    Bryan Zingg
    James R. Donnelley