# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHIELD TECHNOLOGIES CORPORATION ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> SHIELD ACQUISITION GROUP, LLC ) <br> ) <br> Defendant ) <br> SHIELD ACQUISITION GROUP, LLC ) <br> ) <br> Counter-Plaintiff ) <br> ) <br> v. ) <br> ) <br> SHIELD TECHNOLOGIES CORPORATION ) <br> ) <br> Counter-Defendant ) | Case No. 11-CV-7050 <br><br> *Judge John W. Darrah* <br><br><br> *Magistrate Sheila Finnegan* |

## EMERGENCY MOTION FOR CLARIFICATION

Plaintiff/Counter-Defendant Shield Technologies Corporation ("Shield"), by and through its counsel, hereby moves this Court to clarify whether, under the terms provided in the March 14, 2012 transcript, the undersigned counsel shall: (1) continue to report to and take direction from those officers and directors of Shield who to date have been directing counsel on behalf of Shield in this litigation; or (2) begin reporting to and taking direction from the custodians of Shield regarding this litigation as provided under Sections 226 and 291 of the Delaware Code. In support of its motion, Shield states:

1.  In open court on March 14, 2012, the Court stated that its "independent research regarding Delaware law" indicated that "'[t]he appointment of a custodian'" might be an appropriate temporary measure. The Court cited, quoted from and relied upon "8 Delaware

Chapter 226". (March 14, 2012 Transcript of Proceedings ("Tr.") (attached as Exhibit A) at 4). The Court quoted at length Section 226, focusing specifically on Section 226(a)(2), and observed

> The second is when 'the business of the corporation is suffering or is threatened with irreparable injury because the directors are so divided respecting the management of the affairs of the corporation that the required vote for action by the board of directors cannot be obtained and the stockholders are unable to terminate this division' end quote.
>
> Now, that doesn't exactly fit the situation here, but it would seem to that a court sitting in equity, as I am now, could extrapolate from the legislative intent that if there's a dispute not only between the directors but who the directors are, that this provision should reach that situation as well.

(Tr. at 4 – 5).

2. Thereafter, over several pages, the Court outlined a number of elements, duties and obligations of the proposed custodians to "jointly work to run the day-to-day operations of Shield Technology Corp. until we can finally resolve the issue of ownership of the corporation." (Tr. at 10.)

3. After meeting with Messrs. Ward and Wawrzon, the Court stated: "[a]nd I impressed upon them – you might recite in that agreement – that their obligations are solely to declare what's in the best interest of the corporation; that they are not to be involved in any of the issues regarding control of the corporation; that they are not to discuss those with you." (Tr. at 17).

4. After the parties expressed their agreement to the terms outlined in the transcript, the Court requested: "And you will draft an agreement setting out those terms. And let me ask you not to make the agreement inordinately complicated." (Tr. at 28).

5. At the end of its comments, the Court stated the following: "The agreement, as I understand it, is that Ron Wawrzon and Bob Ward will function as custodians as defined under 8

Delaware Chapter 226 specifically because the Court has made a finding as to the situation set out in Subparagraph (a)(2) of that provision." (Tr. at 20-21).

6. The parties never came to terms with respect to a joint draft agreement and the Court indicated today that the transcript of the March 14, 2012 proceeding provides the source of the terms that exist for the custodian arrangement.

7. The need for clarification arises because Subparagraph (b) of 8 Delaware Chapter 226, which was not referenced by the Court, expressly provides that "[a] custodian appointed under this section [226] shall have all the powers and title of a receiver appointed under § 291 of this title." Title 8 Delaware Chapter 291 conveys to a "receiver" all the "***power to prosecute and defend, in the name of the corporation or otherwise, all claims or suits, . . . .***" (Copies of Chapters 226 & 291 are attached with Exhibit B) (emphasis added).

8. Thus, "[u]nder 8 Delaware Chapter 226", the appointed custodians possess the "power to prosecute and defend" this action in the name of and on behalf of Shield. If applied to this case, this means the undersigned counsel for Shield is now under the control and direction of the custodians, or that the custodians can direct or terminate the litigation. On the other hand, the Court requested at the March 14 hearing that it be recited in the agreement that the custodians are to have no involvement with the contest for control, which is the subject of this litigation, and are not to speak with the attorneys on that subject.

9. An essential term from the transcript of proceedings requires clarification, and that is whether the Shield officers and board that have been directing the undersigned counsel to date remain in control of this litigation on behalf of Shield, or whether the "power to prosecute and defend, in the name of [Shield]" in this litigation be shifted to the named custodians pursuant to Section 226.

WHEREFORE, Plaintiff/Counter-Defendant Shield Technologies Corporation respectfully requests that this Court clarify whether under the agreement the undersigned counsel (1) shall continue to take direction as to all matters concerning this litigation from those officers and directors of Shield who have heretofore been instructing undersigned counsel, or (2) should begin to now take direction with respect to this litigation from the custodians pursuant to Sections 226 and 291.

DATED: March 20, 2012

                                                Respectfully submitted,

                                                SHIELD TECHNOLOGIES CORPORATION

                                                By:     /s/ Peter G. Rush
                                                          One of its attorneys

Peter G. Rush
Jeffrey T. Petersen
Robert R. Brown
Sangmee Lee
K& L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
312.372.1121