**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHIELD TECHNOLOGIES CORPORATION | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-7050 |
| | ) | |
| SHIELD ACQUSITION GROUP, LLC | ) | |
| | ) | *Judge John W. Darrah* |
| | ) | |
| DEFENDANT | ) | *Magistrate Sheila Finnegan* |

**SHIELD ACQUISITION GROUP, LLC'S RESPONSE
TO EMERGENCY MOTION FOR CLARIFICATION**

Defendant, Shield Acquisition Group, LLC. ("SAG"), by and through its attorneys of record, for their response to the emergency motion filed by K&L Gates for Clarification, states as follows:

K&L Gates' motion for clarification (the "Motion") is improper and should either be stricken or denied by the Court. K&L Gates' Motion appears to be further gamesmanship and an attempt by them to address a material fact at issue in this matter, both in the preliminary injunction and the underlying complaint and counterclaim. K&L Gates' Motion seeks to insulate K&L Gates from its own liability for filing and continuing to prosecute a case in the name of the company, Shield Technologies Corporation, despite the presence of a clear conflict of interest and the clear record that K&L Gates in fact has been representing only the interests of Sam and Tom Sax.

Early on in this matter, K&L Gates chose to take direction from and to prosecute the interests of Sam and Tom Sax, the purported Chairman and Vice Chairman of Shield, to the detriment of Shield and its stockholders. Since August 2011 when the notice of

conversion was delivered, K&L Gates has known that the Saxes were no longer the controlling stockholders of Shield. In addition, since at least October 2011, K&L Gates has known that the Saxes had been terminated for cause by the majority stockholder of Shield and the Board of Directors of Shield appointed by that majority stockholder. K&L Gates further had been advised in writing that Shield had claims against the Saxes and thus K&L Gates had a material, non-waivable conflict with respect to the Saxes and that K&L Gates was not to take any direction from the Saxes. Moreover, K&L Gates was notified in writing that its representation of Shield had been terminated by the majority stockholder and Board of Directors of Shield. Despite this knowledge and clear admonitions, K&L Gates continued to prosecute this action in the name of "Shield."

K&L Gates' representation of the Saxes was made clear to the Court at the hearing on March 14, 2012. Mr. Rush and K&L Gates unquestionably were under the control and direction of the Saxes. Tom Sax even spoke on the record. K&L Gates' representation of the Saxes will be further demonstrated at the April 4, 2012 preliminary injunction hearing.

The issue of the Saxes' role in Shield is raised in the First Amended Complaint, SAG's Amended Counterclaim and in the memorandum in support of SAG's motion for a preliminary injunction. In October of 2011, Sam Sax and Tom Sax were notified that they were being removed from the Shield Board of Directors and that they were being terminated for cause. (See First Amended Complaint ¶77 and Exhibits P and Q to the First Amended Complaint). Moreover, on November 9, 2011, K&L Gates received notice that it was being terminated by the majority stockholder of Shield and the Board of Directors of Shield appointed by that majority stockholder. (See Amended Complaint,

2

¶77 and Exhibit S). Despite these clear facts, K&L Gates has continued to prosecute this action purporting to be acting as counsel for "Shield" while acting on behalf of and under the direction and control of the Saxes to the detriment of Shield and its stockholders.

Throughout the case, it has been astonishing how K&L Gates has refused to acknowledge that its actions are inconsistent with representation of its alleged client, Shield. SAG's counsel has continually advised K&L Gates of its clear non-waivable conflict of interest since October of 2011 and that K&L Gates was terminated as Shield's counsel in November of 2011 (*Id.*). All steps taken by K&L Gates in this matter have been and continue to be designed to allow Sam and Tom Sax to remain in control of Shield. K&L Gates' disingenuously attempts to seek the Court's approval to take direction from "those officers and directors of Shield who have heretofore been instructing" K&L Gates i.e., Sam and Tom Sax. The facts are clear that K&L Gates has not represented Shield but rather has chosen to champion Sam and Tom's cause to the detriment of Shield and its stockholders from the beginning.

With clear knowledge of two competing factions claiming to be in control of Shield and its Board of Directors, if K&L Gates truly intended to be neutral and represent the company, it could have (and should have) filed an action for a summary disposition in Delaware under §225 when the issue of control first arose. Rather, K&L Gates chose sides; it chose to represent the Saxes notwithstanding their clear conflict of interest, and to initiate this litigation.

As the Court will see when evidence is presented at the April 4, 2012 preliminary injunction hearing, after Sam and Tom Sax were removed as directors and fired for cause and K&L Gates was terminated, Bob Ward, who at that time was the undisputed senior

3

officer at Shield asked K&L Gates (Shield's purported counsel) what he should do to operate Shield as Chief Operating Officer. K&L Gates' response was to advise Ward that it could not assist him by answering questions of how to operate K&L Gates' purported client, Shield. Instead, K&L Gates told Ward to resign or hire his own counsel for advice on how to act as COO of Shield and how to operate K&L Gates' purported client, Shield. (See Exhibit 1 attached hereto, Ward deposition, pp. 143-47).

As the Court can see, K&L Gates' representation of the Saxes is an issue of fact in this case. The Court will hear evidence on this issue at the preliminary injunction hearing. K&L Gates' claim that the Co-Custodians can dismiss the case and that this therefore has caused the firm to ask this question of the Court is suspicious to say the least. To date, the Co-Custodians have not conveyed any intention of dismissing the action and the transcript from the March 14, 2012 Agreed Order hearing specifically states that the Co-Custodians are not to be involved in the issues of control of Shield. This action is nothing more than a tactical play by K&L Gates to seek an early finding of fact of a disputed issue – an issue that materially impacts K&L Gates' own interest – without an evidentiary hearing.

SAG therefore requests that the Court either strike or deny K&L Gates' Motion. K&L Gates knows who its client is – the Saxes – the same client it has represented at all times in this litigation. The March 14, 2012 Agreed Order set forth an agreed-upon procedure whereby the Co-Custodians will run the day-to-day operations of Shield in the best interest of Shield only while this action is litigated. In the litigation, the competing factions comprised of the Saxes, who K&L Gates clearly represent, and SAG will both continue to prosecute and defend their respective claims.

The Agreed Order entered on March 14, 2012 changes nothing with respect to the litigation other than the placement of the day-to-day operations of Shield into the hands of two safe-keepers while the Court resolves the dispute between the competing factions after an evidentiary hearing. Should Mr. Wawrzon – the Saxes' nominee – need assistance, he will consult with Mr. Rush, who will convey the issue to the Court in writing. If Mr. Ward – SAG's nominee – requires assistance, he will so advise Mr. Kaplan or Mr. Collins, who will convey the issue to the Court in writing. There is no reason for the Court to rule K&L Gates' Motion at this time. It will be clear after the presentment of evidence in the case.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order denying Plaintiff's motion for clarification and provide any other such further relief as this Honorable Court deems just and appropriate.

March 21, 2012

Respectfully Submitted,

SHIELD ACQUISITION GROUP

By: /s/ Christopher S. Wunder
Eric D. Kaplan (ekaplan@kpglaw.com)
Chris S. Wunder (cwunder@kpglaw.com)
KAPLAN PAPADAKIS & GOURNIS, P.C.
180 N. LaSalle Street
Suite 2108
Chicago, Illinois 60601
Phone: (312) 726-0531
Fax: (312) 726-4928

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Defendant Shield Acquisition Group, LLC, hereby certifies that he served the foregoing pleading(s) on:

Peter G. Rush (peter.rush@klgates.com)
Jeffrey T. Petersen (jeffrey.petersen@klgates.com)
Sara E. Fletcher (sara.robinson@klgates.com)
Sangmee Lee (sangmee.lee@klgates.com)

by causing a true copy thereof to be transmitted by electronic mail through the CM/ECF Filing System for delivery on or before 5:00 p.m. on March 21, 2012.

| | |
|---|---|
| March 21, 2012 | By: /s/ Christopher S. Wunder |
| | Eric D. Kaplan (ekaplan@kpglaw.com) |
| | Chris S. Wunder (cwunder@kpglaw.com) |
| | KAPLAN PAPADAKIS & GOURNIS, P.C. |
| | 180 N. LaSalle Street |
| | Suite 2108 |
| | Chicago, Illinois 60601 |
| | Phone: (312) 726-0531 |
| | Fax:    (312) 726-4928 |